UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RAPHAEL SANTANA, :
:
      Petitioner :
: NO. 1:CR-89-110/01
-vs- :
: (Judge Kosik)
:
UNITED STATES OF AMERICA, :
:
      Respondent :

## **MEMORANDUM AND ORDER**

     We have before us a motion of the petitioner, Raphael Santana, for a modification and a reduction of sentence pursuant to 18 U.S.C. §3582(c)(2) based on an amendment to the United States Sentencing Guidelines, Amendment 505, effective November 1, 1994, which he asserts lowered his guideline range in effect at the time of his sentence imposed on February 15, 1990 by lowering the upper limit of drug quantity in the table at U.S.S.G. §2D1.1 from 43 to 38.

### Background

    Santana pled guilty to conspiracy to distribute and possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. §846.

    The presentence report concluded that Santana's base offense level was 36 based on his involvement in the distribution and possession with intent to distribute ten or more kilograms of heroin. A four-level enhancement was assessed because he was an organizer of a criminal activity involving five or more participants. Two levels were subtracted for acceptance of responsibility, leaving a total offense level of 38. Because Santana was determined to be a career criminal with a Criminal History Category of VI, there was a guideline custody range of 360 months to life.

    On February 15, 1990, there being no defense objections, Santana was sentenced to life imprisonment followed by supervised release, a fine and a special assessment.

Discussion and Conclusion

In his motion, Santana erroneously claims that the court applied an offense level of 42 which, with enhancements, brought his level to "over 43" necessitating a life sentence without parole. Accordingly, he reasons that Amendment 505 to the guideline reduced the upper level from 43 to 38, creating a new sentencing range of 235-293 months "assuming away criminal history" according to his language.

While it is correct that the court has discretion to reduce a sentence under Section 3582(c)(2), this is not a case which falls under Amendment 505. Petitioner did not receive a sentence of life imprisonment without parole because of a level of 42 enhanced to a total offense level of 43. As noted earlier, he was sentenced under a total offense level of 38 and a guideline custody range of 360 months to life. His guideline custody range would be the same under the November 2004 edition of the Sentencing Guideline as it was in 1990.

For the foregoing reasons, the motion is DENIED[1].

SO ORDERED.

                        s/Edwin M. Kosik
                        United States District Judge

---

[1] Petitioner filed a "Traverse" to the responses of the United States claiming he did not have a right to be considered for a lesser sentence because of the mandatory life sentence based on judicially determined enhancements in violation of *United States v. Booker*, 125 S.Ct. 738 (2005) which brought about sweeping changes in sentencing.

Since none of these new issues are a part of the petitioner's motion before the court, they will not be considered. Regardless, *Booker* only applies to cases pending on direct review. *United States v. Kevin Davis*, 407 F.3d 62, 165 (3d Cir. 2005). There was never an appeal in petitioner's case. Nor is there anything pending on review.